| WHIPPLE, J.,
concurring.
At the time plaintiff applied for his renewal license in the latter part of 1997, LSA-R.S. 37:2810 provided, in pertinent part, as follows:
A. (1) Beginning with the calender year 1991, each license to practice chiropractic in this state shall be renewed annually on or before December thirty-first of each year, upon payment of the renewal fee prescribed in R.S. 37:2809 and the presentation to the board of a certificate or certificates attesting to satisfactory attendance of an educational program or programs totaling twelve hours of classroom instruction which have been approved for continuing education credit by the board. (Emphasis added).
Thus, the clear wording of the statute sets forth only two requirements which must be met before the board is required to renew the license: payment of the renewal fee and presentation of documentation attesting to compliance with continuing education requirements. The statute simply did not require that the applicant furnish the board with his social security number as a condition of renewal of the license.
Additionally, section 7 of United States Public Law 93-579, effective December 31, 1974, provides as follows:
(A)(1) It shall be unlawful for any federal, state or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual’s refusal to disclose his social security account number.
(2) The provisions of paragraph (1) of this subsection shall not apply with respect to—
(a) any disclosure which is required by federal statute, or
| g(b) the disclosure of a social security number to any federal, state, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.
(B) Any federal, state, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.
With regard to the exception provided in subsection (A)(2)(b), the record is devoid of any evidence to establish that the board had in place on January 1, 1975, a system of records which required, by statute or regulation, disclosure of a social security number.
Nonetheless, as set forth in subsection (A)(2)(a) of this Public Law, disclosure of an individual’s social security number may be required by federal statute. In 1996, 42 U.S.C. § 666(a)(13) was added to require that each state, in order to improve child support enforcement effectiveness, enact laws requiring that the social security number of any applicant for a professional or occupational license be recorded on the application.[1] To qualify for federal Aid to Families with Dependent Children (AFDC) funds, a state must certify that it will operate a child support enforcement program that conforms with the numerous requirements set forth in Title IV-D of *278 the Social Security Act, 42 U.S.C. §§ 651-669b, and will do so pursuant to a detailed plan approved by the Secretary of Health and Human Services. Blessing v. Freestone, 520 U.S. 329, 332, 117 S.Ct. 1353, 1356, 137 L.Ed.2d 569 (1997). Pursuant to this statutory scheme, the state must do more than simply collect overdue support payments; it must also establish a comprehensive system to establish paternity, locate absent parents and help families obtain | ¡¡support orders. 42 U.S.C. §§ 651, 654; Blessing, 520 U.S. at 332, 117 S.Ct. at 1356. While clearly weakening the effect of section 7 of Public Law 93-579, the requirement that the state mandate applicants for certain licenses, including professional licenses, commercial driver’s licenses, occupational licenses, recreational licenses and marriage licenses, disclose their social security numbers on the application clearly fosters accomplishment of the state’s duties of locating absent parents and collecting support payments.
Regarding the effective date of this amendment to 42 U.S.C. § 666, Public Law 104-193 (the amending Act) established the effective date of the section of the Act pertinent herein as August 22, 1996. However, the Act afforded states a period within which to comply, stating therein that the Act:
shall become effective with respect to a State on the later of—
(1) the date specified in this title, or
(2) the effective date of law enacted by the legislature of such State implementing such provisions,
but in no event later than the 1st day of the 1st calendar quarter beginning after the close of the 1st regular session of the State legislature that begins after the date of the enactment of this Act [August 22, 1996]. For purposes of the previous sentence, in the case of a State that has a 2-year legislative session, each year of such session shall be deemed to be a separate regular session of the State legislature.
Apparently in response to this federal legislation, the Louisiana Legislature amended LSA-R.S. 37:23, effective April 24, 1998, to provide that each board authorized to issue a license under Title 37 (which includes the board at issue) shall require that an applicant include his social security number on the application.
Although LSA-R.S. 37:23 was amended to add this requirement after plaintiffs 1997 attempt to renew his chiropractic license, it appears that the federal legislation requiring inclusion of the social security number on such applications took effect prior to that date. The first regular session of the Louisiana Legislature 1 ¿beginning after the August 22, 1996 amendment to 42 U.S.C. § 666 was the 1997 Regular Session. That session adjourned on June 23, 1997. The first day of the first calendar quarter beginning after the close of that session would be October 1, 1997. As noted by the majority opinion, plaintiff applied for renewal of his license in the latter part of 1997.
Thus, it would appear that the prohibition against penalizing an individual for failure to disclose his social security number as provided in section 7 of Public Law 93-579 which would otherwise govern is not applicable herein. Federal legislation requiring disclosure of plaintiffs social security number, ie., 42 U.S.C. § 666(a)(13), was effective as to this State prior to the board’s action in refusing to renew plaintiffs application based on his refusal to disclose his social secúrity number.
Thus, although I am troubled by the legitimate privacy concerns which arise in a situation where the record contains no indication that the license applicant has defaulted on a support obligation (or even if the applicant had any such obligation), the result herein is legally correct. Accordingly, I concur.

. The statute also mandates that a state have in effect laws requiring applicants for certain driver’s licenses to include their social security number on the application. 42 U.S.C. § 666(a)(13)(A); McDonald v. Alabama Department of Public Safety, - So.2d -, -, 1999 WL 195793, p. 3 (Ala.Civ.App.1999).